IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE DE LA TORRE, <br> *Plaintiff*, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, INC., <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 7:23-cv-278 |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo" or "Defendant") hereby removes this action from the County Court at Law No. 4 of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and as grounds for removal state as follows:

### I.   STATE COURT ACTION

1. On July 31, 2023, Jorge De La Torre ("Plaintiff") filed his Original Petition (the "Petition") in the County Court at Law No 4, of Hidalgo County, Texas, styled *Jorge De La Torre v. Wells Fargo Home Mortgage, Inc.*, Cause No. CL-23-2931-D (the "State Court Action").

2. Plaintiff asserts claims relating to a mortgage agreement with Defendant for plots of land in Hidalgo County, Texas that have recently been assessed to be worth $1,075,509. *See* Pet. ¶ 6. Plaintiff asserts claims for temporary and permanent injunctive relief to prevent a foreclosure on the land, breach of contract, and further seeks a declaration that Defendant has breached the mortgage agreement. *See* Pet. at ¶¶ 8-27.

3. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.    PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(4), 1441, 1446(a).

5. This removal is timely. Defendant is removing this case within thirty days of being properly served or otherwise appearing in the State Court Action. 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court Case Register of Actions |
| **Exhibit D-1** | Plaintiff's Original Petition and Application for Injunctive Relief |
| **Exhibit D-2** | Letter Requesting Citation |
| **Exhibit D-3** | Defendant's Original Answer |
| **Exhibit D-4** | Issued Citation for Original Petition |
| **Exhibit D-5** | Temporary Restraining Order |
| **Exhibit E** | Hidalgo County Appraisal District Notice of Appraised Value |

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously, with the filing of this Notice of Removal, (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the County Court at Law No. 4 of Hidalgo County, Texas.

### III.     DIVERSITY OF CITIZENSHIP

8.     The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. As shown below, the amount in controversy requirement is also satisfied.

**A.     Diversity of Citizenship**

9.     Plaintiff is a natural person so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Hidalgo County, Texas. *See* Pet. at 2. Thus, Plaintiff is a citizen of Texas.

10.     Wells Fargo Home Mortgage, Inc. is a division of Wells Fargo Bank, N.A. Wells Fargo Bank N.A. is national banking association pursuant to federal law. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of Association is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see also* 28 U.S.C. § 1348. Under its articles of association, Wells Fargo Bank, N.A.'s main office is located in South Dakota. Therefore, as a division of Wells Fargo Bank N.A., Wells Fargo Home Mortgage, Inc. is a citizen of South Dakota for diversity purposes. *See* 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

11.     Because Plaintiff is a citizen of Texas and Defendant is a citizen of South Dakota, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.     Amount in Controversy**

12.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

13.     The Court may consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.

14.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the Farkas Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id*. (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th

Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims). Where a plaintiff files suit specifically seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" itself because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Berry*, 2009 WL 2868224 at *3.

15. Here, the amount at issue exceeds $75,000, exclusive of interest and costs. Plaintiff asserts claims for both temporary and permanent injunctive relief to prevent foreclosure of the property and declaratory relief related to a foreclosure pursuant to a mortgage agreement. *See* Pet. at ¶¶ 8-27. By asserting these claims, Plaintiff has put the Property and its value with regard to the remaining loan balance squarely at issue. S*ee Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortg. LLC*, 351 F. App. at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-48; *Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App. 340, 342 (5th Cir. 2013). According to the Hidalgo County Appraisal District, the tax assessed value of the Property is $1,075,509. *See* **Exhibit E**.[1] Thus, the amount in controversy is sufficient for removal.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Hidalgo County Appraisal District tax record for the Property. Wells Fargo does not contend that this particular assessed value constitutes the most accurate valuation of the Property. Such valuation is provided only for the purpose of establishing a base line value to prove that the amount-in-controversy requirement is satisfied.

16. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV. **PRAYER**

WHEREFORE, Defendant remove this action from the County Court at Law No. 4 of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Christopher Garcia*
B. David L. Foster
Texas Bar No. 24031555
S.D. Bar No. 35961
dfoster@lockelord.com
Christopher G. Garcia
Texas Bar No. 24120840
S.D. Bar No. 3761349
chris.garcia@lockelord.com
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

Robert T. Mowrey
State Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was served via email and U.S. Mail on August 22, 2023, to the following:

**VIA U.S. MAIL AND EMAIL**
Dennis Ramirez
Law Office of Dennis Ramirez, PLLC
111 N. 17th St., Suite D
Donna, Texas 78537
dramirezlaw@gmail.com
***Attorney for Plaintiff***

                */s/ Christopher Garcia*
                Christopher Garcia